# SUPERIOR COURT OF BALTIMORE CITY.

Filed August 13, 1907.

MAURICE H. EICHBERG ET AL.
VS.
THE MERCHANTS AND MINERS' TRANSPORTATION COMPANY, A BODY CORPORATE, AND THE CENTRAL OF GEORGIA RAILWAY COMPANY, A BODY CORPORATE.

*William S. Bryan, Jr.*, and *Benjamin Rosenheim* for plaintiffs.

*John J. Donaldson* for the Central of Georgia Railway Company.

SHARP, J.—

On the motion of the Central of Georgia Railway Company to quash the writ:

The declaration in this case contains eight counts.

The plaintiffs claim to have shipped goods from time to time from Savannah, Georgia, to Baltimore, on through bills of lading over the Central of Georgia Railway Company from Atlanta to Savannah, and the steamers of the Merchants and Miners' Transportation Company from Savannah to Baltimore. These goods, it is alleged, were damaged while in transit through the negligence of the defendants.

The sheriff returned both defendants summoned.

The Merchants and Miners Transportation Company appeared, and filed the general issue plea. The defendant, the Central of Georgia Railway Company filed a motion to quash the writ and appeared solely for this purpose.

The grounds for this motion are as follows:

"1st. Because it (the Central of Georgia Railway Company) is a corporation incorporated by the State of

Georgia for the purpose of constructing, maintaining and operating a railway within the limits of said State, has so constructed and operated the same, and also lines within the States of Alabama and Tennessee, and does not transact business in the State of Maryland, so as to be amenable to the jurisdiction of the courts of this State."

"2nd. Because the said alleged agent, upon whom the alleged service of the writ was made, is not such an agent as service can be validly made upon so as to bind said corporation."

This motion was set for hearing, affidavits submitted, testimony taken, and the case fully argued by counsel.

The conclusions I have reached are as follows:

The Code of Maryland, Article 23, Section 409, provides: "Any corporation not chartered by the laws of this State, which shall transact business therein, shall be deemed to hold and exercise franchises within this State, and shall be liable to suit in any of the courts of this State on any dealings or transactions therein."

Section 211 of the same article provides:

"That suits may be brought in any court of this State, or before a justice of the peace against any corporation not incorporated under its laws, but deemed to hold and exercise franchises herein * * * by a resident of this State for any cause of action, and by a plaintiff not a resident of this State when the cause of action has arisen, or the subject of the action shall be situate, in this State."

The Central of Georgia Railway Company is engaged in transporting freight and passengers by rail. The Merchants and Miners' Transportation Company runs lines of steamships between various ports on the Atlantic Coast, including a line between Baltimore and Savannah. By agreement between these companies, goods are received by either for transportation, and beyond its own lines to points on or beyond the lines of the other company. Through bills of lading are issued by the company receiving the freight. The form of the bill of lading used, a copy of which was filed in this case, marked "Exhibit A," contains the stipulation, that the agreement between the shippers and carriers is "with each carrier severally and not jointly."

Section 12 of the Bill of Lading, provides: "This bill of lading is signed for the different companies, who may engage in the transportation severally and not jointly." By the same or a similar agreement, through tickets are sold to passengers by either company from points on its line to points on or beyond the lines of the other.

The form of ticket used, a copy of which was filed, marked "Exhibit B.", contains the following stipulation, "This ticket is subject to the following contract between the purchaser and all the lines over which it reads:

"1st. In selling this ticket for passage over other lines, and checking baggage on it, the Merchants and Miners' Transportation Company acts as agent, and is not responsible beyond its own lines."

The necessary construction of the bill of lading and the ticket is that the relation between the two defendants in issuing bills of lading and selling tickets is that of agency only. Each company contracts directly (by its agent) with the shipper or passenger; neither contracts to transport freight or passengers the entire distance for which the bill of lading or ticket is issued. The money paid for the ticket or transportation of the freight is an entire sum paid either to the initial carrier or by the consignee on the delivery of the goods. It, therefore, appears that the Central of Georgia Railway Company makes contracts in this State to transport goods and passengers over its lines in Georgia. This is not confined to one or a few transactions, but it is habitual. The company has offices in this State, and agents are employed here to solicit freight to be transported over the lines of the Central of Georgia Railway Company.

This is certainly transacting business in this State. If this case is controlled by Section 409, it is evident that the motion to quash the writ on the first ground must be overruled. There seems to be difference between Sections 409 and 411 of Article 23 of the Code. The former provides for suits against all corporations transacting business in this State, the latter for suits by residents of this State for any cause of action, and by a plain-

tiff not a resident of this State when the cause of action has arisen, or the subject of the action shall be situated in this State."

The declaration alleges, but the subject is not referred to in the testimony, that the bill of lading issued to the plaintiffs in this case was executed in Savannah. There is no evidence where the alleged negligence complained of occurred.

It does not therefore, appear in these proceedings that the cause of action has arisen, or the subject of the action is situated in this State. It was, however, agreed by counsel, that the residence of the plaintiff is in this State. They have a right, therefore, to sue a non-resident corporation under Section 411. The first ground for the motion is not well taken.

Section 411 provides, that process may be served as provided in Section 410. It is provided in Section 410, process may be served "on any agent, attorney or other person in the service of such corporation." Mr. Mortimer, the commercial agent, employed jointly by the defendants, is certainly "in the service" of the Central of Georgia Railway Company. It may be, that his employment is not of such a character as would ordinarily, under the rules of law governing the authority of agents to act for their principals, warrant him in accepting service of process, but this case arises under Section 410 of the Code, which provides for service on any one "in the service of the defendant." The validity of Section 410 is not controverted, and the service was therefore, valid.

—*The motion to quash the writ will be overruled.*